CLARA L. SANDS, a lunatic, by Elizabeth R. Sands, guardian, complainant and respondent,

*v.*

FRANK RUDDICK et al., defendants and appellants.

[Submitted March 26th, 1917. Decided June 18th, 1917.]

1. Where it appears that the mind of the owner of real estate was so impaired as to make her incapable of understanding the nature and effect of her acts or the affairs in which she was participating, the purchaser of her real estate at a sheriff's sale (made while she was trying and substantially ready to pay the execution), who knew of her mental

condition, and who purchased at a price so inadequate as to shock the conscience, will be directed, on payment to him of the money expended for the property with lawful interest, to reconvey the real estate.

. 2. Where the guardian of a lunatic, before filing her bill, tenders to the purchaser of the lunatic's real estate, bought at a sheriff's sale, the amount of his purchase-money and interest, which tender was declined, it is allowable for the court of chancery to require the purchaser to pay the complainant's costs in that court, upon the court's finding that equity requires a decree that the purchaser shall reconvey the property to the complainant upon payment of the purchase price and lawful interest.

3. The court of chancery has no power in a strict sense of the term to set aside a judgment at law. In granting relief it does not interfere with records of the law court or strike therefrom the judgment. It treats the proceedings at law as valid and grants relief against the consequences thereof because the rights acquired thereunder cannot be retained in good conscience by reason of some new matter on which the court of law did not or could not pronounce a judgment, or which for some just cause the party could not bring to the consideration of the court of law. The suit in equity to obtain relief is strictly a proceeding *in personam*, and the decree adjudges the rights of the parties *inter sese* in relation to the judgment, and the relief is limited to enjoining parties from proceeding to enforce the judgment.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis, whose opinion is reported in *99 All. Rep. 101.*

*Mr. William J. Morrison, Jr.,* for the appellants.

*Messrs. Hunziker & Randall,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

The primary object of the complainant's bill was to compel a reconveyance of real estate.

The facts were these:

One Phillips recovered a judgment for $428 and costs against Clara L. Sands in the Bergen county common pleas court. Mrs. Sands owed the money, and the judgment was properly recovered. Execution was issued thereon and her real estate was sold to the defendant below, Frank Ruddick, for $500 apparently

because on the day of sale she reached the sheriff's office with the money to satisfy the execution a few minutes too late. The real estate thus sold was worth $10,000 and was subject to a mortgage of $3,500. Mrs. Sands then instituted proceedings in the Bergen pleas and in the supreme court to obtain relief from such sale. Of course, in these proceedings no question was raised as to her sanity, and she was denied relief. The purchaser, Ruddick, then brought an ejectment suit against Mrs. Sands, took judgment by default, and a writ of possession issued. Shortly thereafter, on the petition of her daughter, proceedings were taken in the court of chancery to inquire into the lunacy of Mrs. Sands. The result of such inquisition was an adjudication that she was then, and for eleven years then last past had been, a lunatic, without lucid intervals, and not capable of the government of herself and her estate. The daughter was then appointed her guardian. She first tendered to Ruddick a sum sufficient to reimburse him for his outlay of purchase-money and expenses, and requested a reconveyance of the real estate. Such request being refused, she filed this bill to compel a reconveyance of the property.

At the hearing the foregoing facts appeared. Apart from the presumptive effect of the inquisition finding of lunacy overreaching the judgment and sale, it otherwise appeared to the satisfaction of the vice-chancellor, and to our satisfaction, that, at the time of the judgment and sale, Mrs. Sands' mind was so impaired as to make her incapable of understanding the nature and effect of her acts, or the affairs in which she was participating. It also appeared that Ruddick, who was her next-door neighbor, knew of her mental condition.

The court below decreed that the Phillips judgment, the execution issued thereon, the deed from the sheriff to Ruddick, and Ruddick's judgment in ejectment and writ of possession, were null and void; that Ruddick should reconvey the lands to Mrs. Sands upon payment to him of the purchase price with interest, and also decreed that he should pay to the complainant her costs in the court of chancery.

We are of the opinion that in the main the vice-chancellor was right.

On familiar principles, where, as here, it appears that the mind of the owner of real estate was so impaired as to make her incapable of understanding the nature and effect of her acts or the affairs in which she was participating, the purchaser of her real estate at a sheriff's sale (made while she was trying and substantially ready to pay the execution), who knew of her mental condition, and who purchased at a price so inadequate as to shock the conscience, will be directed, on payment to him of the money expended for the property with lawful interest, to reconvey the land. We, therefore, conclude that the decree is quite right, in so far as it declared the deed null and void, and directs, upon terms, a reconveyance to the complainant.

We also think the decree right as to costs.

Where, as here, the guardian of a lunatic, before filing her bill, tenders to the purchaser of the lunatic's real estate, bought at a sheriff's sale, the amount of his purchase-money and interest, which tender was declined, it is allowable for the court of chancery to require the purchaser to pay the complainant's costs in that court, upon the court's finding that equity requires a decree that the purchaser shall reconvey the property to the complainant upon payment of the purchase price and lawful interest.

But we think the decree below went too far in adjudging the Phillips judgment and execution, and the Ruddick judgment in ejectment and writ of possession to be null and void.

The court of chancery has no power in the strict sense of the term to set aside a judgment at law. In granting relief it does not interfere with the records of the law court or strike therefrom the judgment. It treats the proceedings at law as valid and grants relief against the consequences thereof because the rights acquired thereunder cannot be retained in good conscience by reason of some new matter on which the court of law did not, or could not, pronounce a judgment, or which for some just cause the party could not bring to the consideration of the court of law. The suit in equity to obtain relief is strictly a proceeding *in personam,* and the decree adjudges the rights of the parties *inter sese* in relation to the judgment, and the relief is limited to enjoining parties from proceeding to enforce the judgment. *Clark* v. *Board of Education of Bayonne, 76 N. J. Eq. 326.*

The application of these principles to the case at bar necessitates the elimination from the decree of such parts thereof as adjudged null and void the Phillips judgment and execution, and the Ruddick judgment in ejectment and writ of possession.

The decree should, however, enjoin the defendant Ruddick from proceeding to enforce his judgment in ejectment and writ of possession.

With respect to the Phillips judgment and execution it is sufficient to say that it appears that Phillips has properly received the moneys due thereon and, if such judgment is not already satisfied of record, it may be canceled upon proper proceedings for that purpose. There is, therefore, no reason for enjoining further proceedings thereon.

The decree will be reversed to the extent indicated, and the record remitted to the court of chancery for the entry of a decree in accordance with this opinion.

No costs will be allowed in this court.

*For affirmance*—None.

*For reversal*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.